IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| TERRELL SHORT and SHORT GROUP, INC., a Montana corporation, | ) ) ) | CV 10-87-M-DWM |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | ORDER |
| PAWS UP RANCH, LLC, a Nevada limited liability company dba THE RESORT AT PAWS UP; PAWS UP LAND COMPANY, LLC, a Nevada limited liability company; ACP SALES WEST, LLC, a Nevada limited liability company; SEYMOUR CONSOLIDATED BRANDS, LLC, a Nevada limited liability company; KNIGHTSBRIDGE CAPITAL CORP., a Nevada corporation; DAVID LIPSON, an individual; NADINE LIPSON, an individual; LAURENCE LIPSON, an individual; and JOHN DOES 1-50, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## I. Introduction

Plaintiffs Terrell Short (Short), a Montana resident, and Short Group, Inc.,

filed an action for breach of contract and wrongful discharge from employment

1

against Defendants in state court. Defendant ACP Sales West, LLC ("ACP") removed the case to this court on the grounds that diversity jurisdiction exists. Before the court is Plaintiffs' motion to remand the case to state court on the grounds that complete diversity jurisdiction does not exist. For the reasons that follow, Plaintiffs' motion is granted.

## II. Factual and Procedural Background

On October 5, 2007, Short Group, Inc., entered into a six month consulting agreement with Paws Up Ranch, LLC, to provide consulting services for The Resort at Paws Up. Pl.'s Am. Compl. ¶ 12. On April 15, 2008, the parties agreed to extend the consulting contract. Id. at ¶ 13. On behalf of Paws Up Ranch, LLC, David Lipson agreed to pay Short Group an additional $100,000 to be paid in four monthly installments commencing in September, 2008. Plaintiffs allege Paws Up Ranch, LLC, made the first installment of $25,000 in September 2008 but failed to pay the remaining three installments. Id.

In January 2009, Terrell Short became an employee of Defendants, acting in many different capacities regarding the many businesses and properties owned or operated by Defendants.[1] Pl.'s Am Compl. ¶ 14. Her employment was terminated

---

[1] Short's employment capacities included Managing director Operations of The Resort at Paws Up; Managing Director of Paws Up Land Company, LLC; Managing Director for Seymour Consolidated Brands, LLC, and Managing Director for Knightship Capital Corp. Pl.'s Am.

2

on April 14, 2010.  Id. at ¶ 30.

Plaintiffs originally filed this action against Paws Up Ranch, LLC and Paws Up Land Company, LLC in the Montana Fourth Judicial Court, Missoula County on June 1, 2010.  Counsel for Paws Up Ranch, LLC told Short that she had not sued her employer, ACP.  On July 19, 2010, Plaintiffs proceeded to file an amended complaint in state district court naming, among others, Nadine Lipson, a Montana resident, and ACP as defendants.  Plaintiffs allege Paws Up Ranch, LLC breached its contract with Plaintiff Short Group, Inc., by failing to pay $75,000 owed to them in 2008.  Pl.'s Am Compl. ¶24.  Plaintiffs also allege Defendants terminated Terrell Short's employment because she refused to participate in violations of Montana policy.  Id. at ¶28. Plaintiffs claim that defendants David Lipson, Nadine Lipson, and/or Laurence Lipson (the Lipsons) are the alter egos of each of the business entity Defendants.  Id. at ¶ 16.  Plaintiffs contend the Lipsons formed the business entity Defendants to shield themselves from liability for unlawful acts in which they knowingly engaged.  Plaintiffs argue the corporate veil should be pierced as appropriate. Id. at ¶ 19.

ACP acknowledged service on August 13, 2010, and it alone removed the

---

Compl. ¶ 14.

case on the grounds that diversity jurisdiction exists.[2]  ACP's Repl. at 2.  On September 9, 2010, Plaintiffs moved to remand this case to state court.  Plaintiffs claim diversity jurisdiction does not exist because Nadine Lipson is a Montana resident.

On September 20, 2010, ACP responded arguing that Nadine Lipson was fraudulently joined as a party in this suit and must be disregarded in evaluating diversity of citizenship.  ACP's Repl. at 2.  ACP contends that there is no basis for the asserted claims of liability against her under Montana law regarding either of Plaintiffs' claims.

On October 18, 2010, Plaintiffs filed their reply accompanied by an affidavit of Terrell Short.  Short's affidavit presents allegations in support of piercing the corporate veil.

### III.  Legal Standard

An action may be removed to federal court if the federal court could have exercised original jurisdiction. 28 U.S.C. § 1441. "However, it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the

---

[2] ACP seems to suggest that because it alone had been served at the time it removed the case to this court, complete diversity existed at the time of removal and therefore exists in this action. ACP's Repl. at 2.  However, the existence of diversity must be determined from the citizenship of the parties and does not turn on whether the resident defendant has been served.  Clarence E. Morris, Inc. v. Vitek, 412 F.2d 1174, 1176 (9th Cir. 1969).

burden of establishing the contrary rests upon the party asserting jurisdiction." Hunter v. Philip Morris, USA, 582 F.3d 1039, 1042 (9th Cir.2009) (internal quotation marks and citations omitted). The removal statute is strictly construed and any doubt about the right of removal requires resolution in favor of remand. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir.2009).

28 U.S.C. § 1332 provides that federal district courts have original jurisdiction "of all civil actions where the matter in controversy exceeds the sum of value of $75,000, exclusive of interest and costs and is between citizens of different States." 28 U.S.C. § 1332(a)(1). "Complete diversity of citizenship is required, meaning each of the plaintiffs must be a citizen of a different state than each of the defendants." Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, (1996).

One exception to the requirement of complete diversity is where a non-diverse defendant has been "fraudulently joined." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir.2001). "Fraudulently joined defendants will not defeat removal on diversity grounds." Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir.1998). There is a general presumption against fraudulent joinder, Hamilton Materials, Inc. v. Down Chemical Corp., 494 F.3d 1203, 1206 (9th Cir.2007), but fraudulent joinder will be found "if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according

5

to settled rules of the state." Ritchey, 139 F.3d at 1318.

The party asserting fraudulent joinder bears the burden of proof. United Computer Systems, Inc. v. AT & T Corp., 298 F.3d 756, 763 (9th Cir. 2002). It does not have to be shown that the joinder was for the purpose of preventing removal. Rather, the question is simply whether there is any possibility that plaintiff will be able to establish liability against the party in question. Ritchey, 139 F.3d at 1318-1319. In determining whether a non-diverse defendant has been improperly joined, federal courts may look beyond the pleadings and examine the factual record. McCabe v. General Foods Corp., 811 F.2d 1336, 1339.

### IV. Analysis

**I.   Plaintiffs state a cause of action against defendant Nadine Lipson because the corporate veil could be pierced making her individually liable.**

ACP argues that it alone was the employer and Plaintiffs cannot allege a valid claim against Nadine under the Montana Wrongful Discharge from Employment Act (WDEA), Mont. Code Ann. § 39-2-901 et. seq. ACP's resp. at 6.[3] The WDEA "sets forth certain rights and remedies with respect to wrongful

---

[3]Plaintiffs claim that ACP is nothing more than a payroll company and does not provide any of the services Short was hired to perform. Pl.'s Repl. at 10.

6

discharge ... and provides the exclusive remedy for a wrongful discharge from employment." Mont. Code Ann. § 39-2-902. The WDEA "does not envision lawsuits against corporate employees, officers or shareholders." Buck v. Billings Montana Chevrolet, Inc., 248 Mont. 276, 811 P.2d 537, 543 (Mont.1991). All of the remedies provided by the WDEA run against the employer. Consequently, ACP contends that Nadine cannot be liable.

ACP also argues that Nadine could not be liable under Plaintiffs' breach of contract claim because she had no involvement with the contract. ACP's resp. at 7. ACP claims the only alleged contract was with Paws Up Ranch, LLC, and that David Lipson entered into it on behalf of Paws Up Ranch.

Finally, ACP argues Plaintiffs present no evidence that the corporate veil should be pierced. ACP's resp. at 8. ACP suggests that even if the corporate veil was pierced to infer individual liability, Nadine was not the employer and not a party to the contract and therefore cannot be held liable under Plaintiffs' claims.

Plaintiffs argue that Nadine was not fraudulently joined because she is an alter ego of one or more of the Defendant corporations who employed them. This includes Paws Up Ranch, LLC, whom Plaintiffs claim breached their contract. In Montana, an individual may be liable for the actions of a corporation if the evidence establishes that the corporate veil should be pierced. Berlin v.

Boedecker, 887 P.2d 1180, 1188 (Mont. 2003). If the corporate veil could be pierced, Plaintiffs may have a cause of action against Nadine under both of their claims.

To determine whether to pierce the corporate veil, it is necessary to apply a two-pronged test: The first question is whether the individual is an alter ego of the corporation. The second question is whether the defendant has used the corporation as a subterfuge, in order to defeat public convenience, justify a wrong, or perpetrate a fraud. Id.

### A. Nadine Lipson may be an alter ego of Paws Up Ranch, LLC, and other entity Defendants that may have employed Plaintiffs.

The Montana Supreme Court looks to several factors to determine whether an individual is a corporation's alter ego. Meridian Minerals Co. v. Nicor Minerals, Inc., 228 Mont. 274, 284 (1987). A Plaintiff need not satisfy each of them to prove the alter ego theory. Factors include:

> 1. Whether the shareholder owns all or most of the corporation's stock.
> 2. Whether the shareholder is a director and/or president of the corporation.
> 3. Whether the shareholder makes all the corporate decisions without consulting the other directors or officers.
> 4. Whether the shareholder, officers and/or directors fail to comply with the statutory requirements regarding operation of the corporation.
> 5. Whether the shareholder's personal funds are commingled with the corporation's funds.
> 6. Whether the shareholder's personal credit and corporation's credit are

used interchangeably to obtain personal and corporate loans.
7. Whether the shareholder's personal business records are not kept separate from the corporation's business records.
8. Whether the shareholder and corporation engage in the same type of business.
9. Whether the shareholder and corporation have the same address which is the address of shareholder's personal residence.
10. Whether the shareholder admits to third parties that the shareholder and the corporation are one in the same.
11. Whether the corporation's profits and earnings are distributed through means other than dividends.
12. Whether the corporation is undercapitalized.
13. Whether the parent and subsidiary have the same name.
14. Whether the parent and subsidiary have the same directors and officers.

Meridian Minerals Co., 228 Mont. at 284.

Short alleges David Lipson, his wife Nadine, and Laurence Lipson have created over 120 corporations or limited liability companies. Pl.'s Repl. at 7. Short suggests the companies were created to avoid liability for the Lipsons' actions, and to manipulate creditors and potential investors. Short contends each of the Lipsons is the alter ego of one or more of the entity Defendants. Id.

Short Group contracted with Paws Up Ranch, LLC, to provide consulting services to The Resort at Paws Up. Pl.'s Repl. at 7. Paws Up Ranch, LLC is managed by Red Point, Inc. See dkt #44-1 (Nevada Sec. of State Website Printout). Nadine Lipson is the President, Secretary, Treasurer and Director of Red Point, Inc. Id. Short alleges Paws Up Ranch, LLC pays for many of Nadine

Lipson's personal expenses including insurance for her personal vehicle, her car payment, credit card charges, and the care of her horses. Pl.'s Repl. at 7-8.

Short also claims money from the named defendant business entities is intermingled among the various Lipson corporations. Pl. Repl. at 8. For example, Short alleges guests are required to pay in advance for their stays at The Resort at Paws Up. When those funds come in, she claims they are not kept in a separate bank account but funneled into another Lipson family company and the business expenses of other companies are paid with that income. Short further claims the Lipsons have just a "handful" of bank accounts that handle the funds for all the companies, and there is just one Chief financial Officer that handles all of the finances of all the different Lipson family companies. In essence, Short contends the companies are all interrelated and alter egos of each other. Id.

There are insufficient facts development to determine whether or not Nadine Lipson is in reality the alter ego of any of the Defendant entities. However, Plaintiffs have made sufficient allegations to show there is a possibility that Nadine is the alter ego of one or more of Defendant entities, including Paws Up Ranch, LLC. ACP's unsupported argument that the corporate veil cannot be pierced simply because Nadine was not the employer or a party to the contract does not satisfy it's burden to prove there is no possibility Plaintiffs could

establish any liability against Nadine.  Ritchey, 139 F.3d at 1318-1319.

> **B.    Nadine Lipson may have used Paws Up Ranch LLC and other entity Defendants to defeat public convenience, justify a wrong, or perpetrate a fraud.**

In addition to finding an individual is the alter ego of a corporation, piercing the veil depends on a determination that the corporate entity was used as a subterfuge to defeat public convenience, justify wrong, or perpetrate fraud in order to pierce the corporate veil.  Berlin, 887 P.2d at 1188.  Here, Short claims the Lipson family, including Nadine, used their various corporations to defeat public convenience, justify wrong, or perpetrate fraud by making sure Paws Up Ranch, LLC, and other Lipson Family companies are undercapitalized without sufficient funds to pay any judgments rendered against them.  Pl.'s Repl. at 9.  Short claims that Paws Up Ranch, LLC, owns no assets of its own and all the equipment used at the resort is owned or leased by other Lipson companies.  Short also claims David Lipson has transferred all his personal assets to Nadine in order to manipulate potential creditors and create a false impression for potential investors.  Pl.'s Repl. at 9.

There is insufficient factual development to determine whether or not one or more of the corporate entities which Nadine may be an alter ego was used as a subterfuge to defeat public convenience, justify wrong, or perpetrate fraud.  But,

Plaintiffs have shown that it is possible. ACP's unsupported argument that the corporate veil cannot be pierced because Nadine was not the employer or a party to the contract does not satisfy it's burden to show that no claim has been stated against Nadine and that the failure to state a claim is obvious. <u>Ritchey</u>, 139 F.3d at 1318-1319.

### V.  Conclusion

The corporate veil could be pierced making Nadine Lipson liable for the actions of one or more of the Defendant entities who employed Plaintiffs. This includes Paws Up Ranch, LLC, whom Plaintiffs claim breached their contract. ACP has not satisfied its burden to prove that Nadine Lipson was fraudulently joined as a defendant in this case. Diversity jurisdiction has not been established.

THEREFORE, IT IS ORDERED that Plaintiffs' Motion to Remand (dkt #11) is GRANTED and this case is REMANDED to the Fourth Judicial District for the State of Montana.

IT IS FURTHER ORDERED that Defendant ACP shall pay Plaintiffs' costs and actual expenses in addition to attorney fees incurred as a result of the improvident removal and in obtaining an order of remand.

Within five business days Plaintiffs shall submit an affidavit delineating its actual costs and attorney fees to Defendant ACP. Defendant ACP shall then have

ten days within which to pay Plaintiffs' actual costs and attorney fees or state why they should not be paid.

Dated this 2nd day of November, 2010.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT